UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DWIGHT TOUSSAINT,

                        Plaintiff,

    -against-                                      9:23-CV-974 (LEK/DJS)

JOHN DOE #1, *et al.*,

                        Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Pro se Plaintiff Dwight Toussaint commenced this action by filing a complaint asserting claims pursuant to 42 U.S.C. § 1983. Dkt. No. 1 ("Complaint"). On October 27, 2023, the Court reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915A and directed Defendant D. Ramsey to respond to Plaintiff's Fourteenth Amendment equal protection claim. See Dkt. No. 4 ("October 2023 Order") at 11. On February 26, 2024, Defendant filed a motion for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies before filing the Complaint. See Dkt. No. 15-8 ("Motion") at 4. Plaintiff did not respond to the Motion and, on June 5, 2024, the Honorable Daniel J. Stewart, United States Magistrate Judge, filed a report and recommendation recommending that the Motion be granted and the Complaint be dismissed. Dkt. No. 18 ("Report and Recommendation") at 12. Neither party filed objections to the Report and Recommendation.

For the reasons discussed below, the Report and Recommendation is approved and adopted in its entirety.

**II.    BACKGROUND**

The Court assumes familiarity with the facts alleged in the Complaint, as discussed in the October 2023 Order, see Oct. 2023 Order at 1–3, and in the Report and Recommendation, see R. & R. at 3.

In the Report and Recommendation, Judge Stewart addressed the exhaustion requirements established by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and the procedures followed by New York correctional facilities. See id. at 5–8. Judge Stewart then determined that Plaintiff failed to appeal to CORC when he did not receive a response from the superintendent of the facility regarding his grievance and thus failed to exhaust his administrative remedies as required by the PLRA. See id. at 8–10. Since Plaintiff did not establish that administrative remedies were unavailable to him for any of the reasons discussed by the Supreme Court in Ross v. Blake, 578 U.S. 632 (2016), Judge Stewart suggested that the Court not excuse Plaintiff's failure to exhaust and grant the Motion. See id. at 10–12.

Judge Stewart also briefly addressed the portion of the Motion seeking dismissal under Federal Rule of Civil Procedure 12(b)(6), where Defendant argued that Plaintiff failed to state an equal protection violation in his Complaint. See id. at 2 n. 3. Judge Stewart recommended denying that aspect of the Motion, noting that the "facts of the Complaint arguably allege that Plaintiff's packages were destroyed by Defendant out of racial animus" and that those allegations "suffice[] at this point in the litigation." Id. However, Judge Stewart noted that "[g]iven the recommended disposition with respect to exhaustion, the Court need not address this issue in detail." Id.

**III.   LEGAL STANDARD**

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings

2

and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1(b). "When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a 'de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" Walker v. Artus, 998 F. Supp. 2d 18, 24 (N.D.N.Y. 2014) (citing 28 U.S.C. § 636(b)(1)). However, if no objections are made, a district court need only review a report and recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**IV.   DISCUSSION**

Since no party objected to the Report and Recommendation, the Court reviews for clear error. See DiPilato, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

**V.   CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 18, is **APPROVED and ADOPTED**; and it is further

**ORDERED**, that the Complaint, Dkt. No. 1, is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   July 10, 2024
         Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge

4